IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL CORRAL, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.                                                                           No. 21-cv-0390 KG/SMV

CONCHO RESOURCES, INC., and
CONOCOPHILLIPS COMPANY,

    Defendants,

and

RUSCO OPERATING, LLC, and
ALLY CONSULTING, LLC,

    Intervening Defendants.[1]

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Judge Gonzales's Order of Reference [Doc. 83], filed November 7, 2022. Judge Gonzales has asked me to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) regarding Plaintiff Samuel Corral's pro se Motion to Dismiss [Doc. 79] and Plaintiff's counsel's Motion for Leave to File First Amended Complaint. [Doc. 82]. I held a hearing on November 14, 2022. In attendance at the hearing were Plaintiff Samuel Corral, Plaintiff's counsel Andrew Dunlap and Michael Josephson, Defendants' counsel Kimberly Cheeseman and Andrew Yeh, and Intervenors' counsel Kimberly McCoy and Nik

---

[1] The presiding judge, Honorable Kenneth J. Gonzales, United States District Judge, allowed intervention and ordered this caption. [Doc. 58] at 18.

Abraham. *See* [Doc. 90]. Having reviewed the motions and associated filings (including Mr. Corral's and Plaintiff's counsel's Agreed Statement of Facts [Doc. 85] and Defendants' and Intervenors' Joint Statement to Clarify [Doc. 89]) and having heard from Mr. Corral and all counsel of record at the hearing, I recommend that both motions [Docs. 79, 82] be granted.

### Proposed Findings

Based on my review of the record and oral argument, I find as follows:

1. This is a collective action against Defendants for unpaid overtime wages.
2. The Josephson Law Firm ("Josephson") filed a similar, prior action against Defendant Concho Resources ("Concho") in 2017, *Wesley v. Concho Resources, Inc*., 4:17-cv-01845 (S.D. Tex.).
3. Mr. Corral was an employee of Concho and a member of the collective in the *Wesley* lawsuit.
4. That case settled, and Josephson contacted Mr. Corral to distribute to him his share of the settlement.
5. Concho was purchased by Defendant Conoco Phillips ("Conoco").
6. Josephson subsequently filed this action against Defendants Concho and Conoco, and asked Mr. Corral, who is still employed by Conoco, to join the collective.
7. Mr. Corral signed the paperwork agreeing to join the collective, thinking he was merely signing paperwork allowing him to receive his share of an already-achieved settlement.
8. There was in, in fact, no such settlement as this lawsuit was just beginning.
9. Mr. Corral did not want to participate as a plaintiff in an active lawsuit against his employer, Conoco.

10. When Mr. Corral learned that he had been named as a plaintiff in this action, he filed his pro se Motion to Dismiss [Doc. 79].

11. In filing the motion, Mr. Corral did not mean to imply that Josephson had done anything improper or unethical. He freely admitted that he had failed to read closely enough the documents he had signed.

12. Upon learning that Mr. Corral did not want to participate in this lawsuit, Josephson filed its Motion for Leave to File First Amended Complaint [Doc. 82], which removes Mr. Corral as the named plaintiff and substitutes another employee in his place.

13. I therefore find Mr. Corral and Attorney Josephson to be credible witnesses.

14. I further find that there was an attorney-client relationship between Mr. Corral and Josephson, but that there was a misunderstanding as to the scope of Josephson's representation.

15. I do not believe that Josephson was attempting to do anything improper or unethical in listing Mr. Corral as the named plaintiff in this lawsuit.

16. I further find that the interests of justice would be served by granting both motions [Docs. 79, 82].

17. Josephson does not object to Mr. Corral's motion, and Mr. Corral does not object to Josephson's motion.

18. Counsel for Defendants and Intervenors do not object to either motion.

### Recommended Disposition

I believe Mr. Corral's pro se Motion to Dismiss [Doc. 79] and Plaintiff's counsel's Motion for Leave to File First Amended Complaint [Doc. 82] are well-taken and should be granted. I do

not believe that either motion will have any impact on the class which has been conditionally certified. The action should proceed with the new named plaintiff.

**IT IS HEREBY RESPECTFULLY RECOMMENDED** that Plaintiff Samuel Corral's pro se Motion to Dismiss [Doc. 79] and Plaintiff's counsel's Motion for Leave to File First Amended Complaint [Doc. 82] be **GRANTED.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**